Fenwick vs. Phillips.

---

CASE 23—PETITION ORDINARY—JUNE 26.

# Fenwick vs. Phillips.

APPEAL FROM DAVIESS CIRCUIT COURT.

One for whose use and benefit it is stated in the petition the action is brought, is thereby virtually made a party to the action, and may, by an amended petition, assume the attitude of plaintiff.

The doctrine is well settled, that a payment of a less sum is not a good satisfaction, unless it be made before the money was due, or at a different place from that at which it was payable.

A statutory bar which was not complete when the action was brought, but becomes complete during its pendency, cannot be relied on to defeat the action.

By *chapter 63 of the Revised Statutes*, actions upon notes for the payment of money are barred after fifteen years from the accrual of the cause of action, except cases in which the right of action had accrued prior to the adoption of the statute. The

amendatory act of February 4th, 1858, extended the provisions of that chapter to all cases, whether the right of action accrued before or after the Revised Statutes took effect, from and after the 1st of August, 1859. A suit was brought before the last named day, and was then pending, upon a note due more than fifteen years before the commencement of the action. *Held*—that the action was not barred.

The act of 1858, *supra*, was intended to apply only to such actions as might be commenced after the 1st of August, 1859.

Where the plaintiff in an action against the obligor is in possession of the note sued on, without assignment, and his right thereto is admitted by the answer of the payee, no other testimony is necessary to prove that he is entitled to the debt; his right thereto could not, in such case, be questioned by the mere denial of the obligor.

H. S. Dallam and G. H. Yeaman, for appellant, cited 6 *Mon.* 492; *act of February* 4, 1858.

W. N. Sweeney, for appellee, cited 6 *J. J. Marshall*, 4; 5 *B. Mon.*, 564; *Rev. Statutes, chap.* 63.

Rountree & Fogle, on same side, cited 2 *Littell*, 51; *act of* 1858, *session acts* 1857–8, *page* 26.

CHIEF JUSTICE SIMPSON DELIVERED THE OPINION OF THE COURT:

It having been stated in the original petition, that the suit was brought for the use and benefit of Phillips, he was thereby virtually made a party to the action, and had a right, by an amended petition, to assume the attitude of the real plaintiff in the action; consequently, the defendant's demurrer to the petition as amended was properly overruled.

The doctrine is well settled, that a payment of a less sum is not a good satisfaction, unless it be made before the money was due, or at a different place from that at which it was payable. (*Bacon's Abridgement. A. Accord, &c.*) In the case of *Jones vs. Bullitt*, (2 *Litt.*, 51,) it was said by the court to be "a well settled rule, that the acceptance of a part of the debt when payable, in satisfaction of the whole, cannot operate as a bar to the recovery of the residue. For the debtor being under an obligation to pay the whole debt at the time, and the creditor being entitled to receive the whole, an agreement that a part shall be a satisfaction of the whole debt is an agreement without consideration, and cannot be enforced either in a court of law or a court of equity. But if the creditor accepts of a part of the debt, before it is payable, or at a different place, in satisfaction of the whole, it will bar the recovery of the residue;

for the debtor being under no obligation to pay the debt before it is due, or at a different place, and the creditor having no right to demand it, the agreement to accept a part of the debt at such time or place, is obviously founded upon a consideration." The reason of the rule is clearly stated in the foregoing extract, and the rule itself has been uniformly adhered to by this court in its decisions. The defense which the defendant relied upon in his answer was not valid, according to this doctrine, inasmuch as the payment of a part of the debt was not alleged to have been made before it was due and payable. The court below did not, therefore, err in directing that part of the answer in which this defense was relied upon, to be stricken out.

By the provisions of the 63d *chapter of the Revised Statutes,* an action upon a note for the payment of money is barred, unless it be commenced within fifteen years after the cause of action first accrued. But by a provision contained in the same chapter, all cases in which the right of action had then accrued were exempted from the operation of the limitation therein prescribed.

The note upon which this action was brought had been due more than fifteen years before the commencement of the action. As, however, the cause of action had accrued before the adoption of the Revised Statutes, the limitation therein prescribed did not, according to the foregoing provision, apply to this case.

But the legislature, by an amendatory act, approved February 4th, 1858, extended the provisions of the 63d *chapter of the Revised Statutes* to all cases, whether the right of action accrued before or after they took effect, from and after the 1st day of August, 1859.

The action in this case was commenced before the 1st day of August, 1859, and was pending at that time. The defendant relied upon the limitation of fifteen years as a bar, and the question is, does the amendatory act embrace this case?

It is contended, that the act is general in its terms, and cannot, by a fair construction of its language, be restricted to actions which are commenced after it takes effect, but applies to

all cases, whether the action be brought before or after that period.

From the very nature of a statute of limitations, it has to be confined to actions which are brought after the limitation has not only been prescribed, but has also operated as a bar to the relief sought by the plaintiff. The limitation must be complete when the action is brought, because it is always relied upon as a bar at the time the plaintiff commenced his action. It has never been supposed that a statutory bar, which was not complete when the action was brought, but becomes complete during its pendency, could be relied on to defeat the action.

In this case the plaintiff's demand was not barred when he brought his action. He therefore had a right to sue. The limitation cannot affect this right, because, when the statute is available at all, it must be on the ground that the action was barred at the time it was commenced. The only rational construction, therefore, which can be given to the amendatory act is, that it was intended to apply only to such actions as might be commenced after the 1st of August, 1859.

The plaintiff being in the possession of the note, and his right thereto having been admitted in the answer of the administrator of the payee thereof, no other testimony was necessary to prove that he was entitled to the debt. It was alleged, in the amended petition, that Nicholas Wheatly was the administrator of Robert Wheatly, to whom the note was made payable, and that allegation not having been denied by the appellant must be taken as true. And as the administrator admitted the plaintiff's right to the debt, his right thereto could not be questioned by its mere denial on the part of the appellant.

Wherefore, the judgment is affirmed.