## Shawnee Sanitary Milk Co. v. Fulkerson's Garage & Machine Shop.

(Decided March 5, 1935.)

640

DODD & DODD for appellant.

M. JOSEPH SCHMITT for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellee, William Arthur Fulkerson, doing business under the name of Fulkerson's Garage & Machine Shop, brought this suit against the Shawnee Sanitary Milk Company to recover the sum of $908.25 alleged to be due him for labor performed and materials furnished in repairing and rebuilding the bodies of certain automobile trucks owned by the milk company. He alleged that the work was done and the materials furnished pursuant to a contract entered into between him and the milk company on November 15, 1931.

The defendant's answer was a traverse, but in an amended answer it was affirmatively alleged that by the terms of a contract entered into between plaintiff and defendant on or about November 15, 1931, the plaintiff agreed to operate a repair shop for the defendant and to perform all the necessary labor in repairing the motor vehicles and other mechanical devices of the defendant, and that the defendant agreed, in consideration of the plaintiff performing these services, that it would pay him a flat rate of $125 a month, and would pay for all parts used by him in making the repairs; that the plaintiff rendered the services contracted to be performed by him up to and including September 16, 1932, and that the defendant paid the plaintiff $125 a month pursuant to the terms of the contract, or a total of $1,258.63; that on or about September 16, 1932, a controversy arose between the parties because of plaintiff's claim that the contract which provided that he should receive $125 a month did not include services rendered by him in repairing the bodies of automobiles, but was for repairs on the chassis and mechanical parts of the automobiles only; that on October 3, 1932, the defendant executed and delivered to the plaintiff its check for the balance due for his services at the rate

of $125 a month, and indorsed on the front of the check was the following: "Account in full"; that the plaintiff accepted, indorsed, and cashed the check, and thereby released the defendant from any and all liability.

By agreement the amended answer was controverted of record. On the trial of the case the jury returned a verdict for the plaintiff for the full amount claimed, and from the judgment entered thereon the defendant has appealed.

It is appellant's contention that the circuit court erred in overruling its motion for a peremptory instruction, since there was a controversy between the parties over the amount due to the plaintiff under the contract and the acceptance by the plaintiff of the check indorsed "Account in full" operated as full accord and satisfaction of the indebtedness.

The general rule is that, if the claim is unliquidated and disputed, the acceptance by the creditor of a check bearing the notation, "Account in full," or employing words of similar import, shows an acquiescence in the amount offered and constitutes an accord and satisfaction of his claim. Alcorn v. Arthur, 230 Ky. 509, 20 S. W. (2d) 276; Cunningham v. Standard Construction Co., 134 Ky. 198, 119 S. W. 765; Schnell v. Perlmon, 238 N. Y. 362, 144 N. E. 641, 34 A. L. R. 1023; Pitts v. National Independent Fisheries Co., 71 Colo. 316, 206 P. 571, 34 A. L. R. 1033; Root & Fehl v. Murray Tool Co. (Tex. Com. App.) 26 S. W. (2d) 189, 75 A. L. R. 902.

On the other hand, if is the general rule that part payment of a liquidated and undisputed indebtedness, though accepted by the creditor with knowledge that it was intended to be in full payment, is not an accord and satisfaction, since the part payment is not a consideration for the discharge of the balance. Lewis v. Browning, 223 Ky. 771, 4 S. W. (2d) 734; Sherman v. Pacific Coast Pipe Co., 60 Okl. 103, 159 P. 333, L. R. A. 1917A, 716; Whittaker Chain Tread Co. v. Standard Auto Supply Co., 216 Mass. 204, 103 N. E. 695, 51 L. R. A. (N. S.) 315, Ann. Cas. 1915A, 949; 1 R. C. L. 184; Vol. 2 Restatement, Contracts, sec. 420, illustration C.

The facts in the instant case make the latter rule applicable. It is conceded by both parties that appellee

was to receive $125 a month, and that, when the employment ended on September 16, 1932 the appellant was indebted to him in the sum of $46.32. The check with the notation there, "Account in full," which was delivered to appellee and cashed by him, was for that amount. The appellee claimed that appellant was indebted to him in the further sum of $908.25 for additional services performed and materials furnished not included in the contract providing compensation at the rate of $125 a month for the labor performed on the chassis of appellant's motor vehicles. The amount due appellee under the contract for labor at the rate of $125 a month was liquidated and undisputed. The appellee claims that there was an additional contract for payment for services rendered and materials furnished in repairing and rebuilding the bodies of appellant's motor vehicles. The appellant was under a legal duty to appellee to pay the amount admitted to be due, and his performance of that duty was no consideration for the discharge of another debt about which there was a dispute.

In Louisville, N. A. & C. Railway Co. v. Helm & Bruce, 109 Ky. 388, 59 S. W. 323, 325, 22 Ky. Law Rep. 964, Helm & Bruce were the local counsel for the railway company, and a controversy arose over the amount of attorney fees in what was known as the "Beattyville bond cases." The amount was fixed by agreement at $3,500. The plaintiffs had rendered legal services to the defendant in other cases. The defendant sent to the attorneys a check and voucher for $3,500. The voucher recited that the $3,500 was in payment for services in the "Beattyville bond cases," and was in full payment of all claims for legal services rendered to the defendant to that date. The plaintiffs cashed the check, and later sued the railway company for $1,102.95, the balance claimed to be due. In refusing to uphold the defendant's plea of accord and satisfaction, this court said:

"In this case the chancellor has found as a fact that appellees' fees for services in the Beattyville bond cases were liquidated in the settlement at $3,500. We cannot, under the evidence, disturb this finding. If this settlement was made, appellant then was under obligation to pay appellees the $3,500 pursuant to the settlement, and the payment

by it of the liquidated demand was no consideration for the release of other claims; for it is well settled that the payment of a part of a debt will not sustain a promise to release the remainder."

In Cunningham v. Standard Construction Co., 134 Ky. 198, 119 S. W. 765, relied upon by appellant, a plea of accord and satisfaction was upheld, but the facts presented in the record in that case were materially different from those in the instant case. In that case the Standard Construction Company had purchased from Cunningham a load of maple flooring for use in a building it had contracted to construct. The contract price for the lumber was $1,968.65. The construction company rejected a part of the flooring and tendered to Cunningham a check for $1,347.25 and notified him that it was in full settlement of the account. Cunningham accepted the check, and later filed a suit for a balance of $639.39 which he claimed to be due on his bill. There was only one claim involved, and the amount due was in dispute and the plea of accord and satisfaction was properly sustained.

In the case of Keene v. Gauen (C. C. A.) 22 F. (2d) 723, 724, certiorari denied 276 U. S. 632, 48 S. Ct. 325, 72 L. Ed. 742, the plaintiff sued for certain commissions on the sale of diamonds. After the services had been rendered, defendant refused to pay the commissions unless the plaintiff found a purchaser for the entire business. Plaintiff thereafter found a purchaser for the remainder of defendant's stock of goods and received the agreed commission for the sale of such remainder and signed a receipt which purported to be "in full settlement of all commissions and services rendered to date." It was held that this was not an accord and satisfaction. The court said:

"Where there is a single claim, and the aggregate amount is in dispute, payment of the sum conceded to be due, on condition that it shall be received in full satisfaction, bars recovery of the sum in dispute. But where there are two claims, dependent on different facts, one of which is undisputed and the other of which is disputed, the payment of the undisputed claim does not bar the right to sue for and recover on the disputed claim."

In Jefferson Standard Life Insurance Co. v. Lightsey (C. C. A.) 49 F. (2d) 586, 589, it was said:

"Payment of an amount concededly due on one of two claims arising on separate promises in the same contract is not a good consideration for a release of a claim on the other."

In Sweeney v. Adam Groth Co., 269 Mich. 436, 257 N. W. 855, 856, the plaintiff indorsed and received the cash upon a check marked "Bal. in full com. St. Pauls Church Salem $250.00." Plaintiff claimed there were two Salem jobs, exterior and interior, and that the check was in payment of his commission on the exterior, job only. Defendant claimed that there was but one commission on the entire job and that the payment was intended as an accord and satisfaction of the whole. It was held that there were two separate transactions as to the Salem job and that the payment of the undisputed claim did not bar the plaintiff's right to sue for and recover on the disputed claim. See, also, Dunn v. Lippard-Stewart Motor Car Co. (Sup.) 144 N. Y. S. 349; Vaughn v. Conran (Mo. App.) 4 S. W. (2d) 495; Mance v. Hossington, 205 N. Y. 33, 98 N. E. 203; Hudson v. Yonkers Fruit Co., 258 N. Y. 168, 179 N. E. 373, 80 A. L. R. 1052; Shumaker v. Lucerne-In-Maine Community Association, 275 Mass. 201, 175 N. E. 469.

Here the claim was not entire, but, according to appellee's contention, the debtor was under two obligations, one certain and undisputed and one disputed. The disputed claim arose out of what appellee claims was an independent agreement, and, if his version of the facts is correct, the payment of the undisputed claim with a check indorsed "Account in full" was not an accord and satisfaction, and the court properly overruled appellant's motion for a directed verdict in its favor.

It is argued that the verdict is flagrantly against the weight of the evidence, but this contention cannot be sustained, since there is sharp conflict in the evidence as to the existence of the contract for additional compensation for work done and materials furnished in repairing the bodies of appellant's motor vehicles. Appellee testified that such a contract was made, and he was supported by two witnesses who claimed that Adolph Von Gruenigen, president of the milk company, admitted in their presence in a conversation with appellee that such an agreement existed.

The instructions authorized the jury to find for the plaintiff the full amount claimed. An examination of the itemized statement introduced by the appellee discloses that it includes several charges for labor performed in making mechanical repairs on appellant's motor vehicles, but appellant neither offered an instruction on the issues presented nor objected to those given by the court, and consequently errors in the instructions, if any, cannot be considered. Grigsby v. Grigsby, 249 Ky. 727, 61 S. W. (2d) 605.

The judgment is affirmed.