## Risner et al. v. Risner

Dec. 1, 1942.

Max Lively and Strother Hynes for appellants.

John T. Diederich and E. Poe Harris for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This is an appeal from a judgment permanently enjoining the enforcement of executions which were issued under two judgments in favor of the appellant, Patrick Risner, against the appellee, Green Risner. The other appellant, E. K. Rose, sheriff, levied upon the property of Green Risner. Risner's judgments exceeded $800, plus several years' interest. He employed B. S. Wilson, an attorney, to collect them. Wilson contacted the appellee and finally an arrangement was entered into whereby the appellee paid $150 to Wilson, who, in turn, gave the money to Patrick Risner's wife. Mrs. Risner

signed a receipt as "Authorized Agent for Patrick Risner," which set forth that the sum of $150 was accepted in full satisfaction of the two judgments. The receipt also set forth that "Said notes and copies of said judgments are hereto attached and marked 'Cancelled.'" Wilson witnessed Mrs. Risner's signature.

Shortly after Wilson's death Patrick Risner employed one of his present attorneys to collect the unpaid balance on the judgments. The executions subsequently issued are the subject of this litigation.

Green Risner instituted this action to enjoin the collection of the executions and the sale of his property thereunder. The petition set forth that the judgments had been satisfied by the payment of $150 to Wilson as evidenced by the agreement filed as an exhibit. A demurrer to the petition was sustained, and in an amended petition the appellee set forth that he was virtually insolvent when Wilson approached him to collect the judgments; that he threatened to resort to bankruptcy if pressed, but had promised not to do so if he could settle the judgments for $150; that Wilson agreed to and did accept that amount; and that he did not resort to bankruptcy.

We are asked to reverse the judgment on the grounds that (1) where a debt is overdue, and the amount owed is not in dispute, payment of a part of it is not a consideration for an agreement to cancel the balance of the debt; (2) the court should have sustained exceptions to certain depositions filed by the appellee; and (3) it was not shown that Mrs. Risner had authority to settle for less than the full amount owing on the judgments.

The appellee testified that he was heavily involved financially when Wilson approached him to collect the judgments, and that he told him he would go into bankruptcy if pressed. Two witnesses, in addition to an attorney who was representing the appellee at that time, said that he was having financial difficulties about the time the settlement was made; one of them saying that Risner had settled at least one other claim for less than the full amount. Mrs. Risner said that she accepted the $150 and signed the receipt as agent for her husband, but that she was not informed that the appellee threatened to go into bankruptcy and that she intended to attempt to collect the balance of the judgments later on. No proof was introduced by Patrick Risner.

It is our view that there was sufficient showing that the settlement was made as alleged by the appellee; namely, that the $150 was accepted by Patrick Risner's wife and his attorney in satisfaction of the two judgments in view of the fact that the appellee threatened to go into bankruptcy if pressed. Numerous cases are cited by the appellants in support of their contention that, where a debt is overdue and the amount is not in dispute, the payment of a part of it is not a consideration for an agreement to cancel the balance. We have been unable to find a domestic case bearing directly on the point in question, though the case of Call v. Pinson, 180 Ky. 367, 202 S. W. 883, 884, is somewhat analogous. But in that instance there was no agreement on the part of the insolvent debtor to forbear going into bankruptcy. In the course of the opinion it was said:

> "In some jurisdictions a different rule obtains, and it is held that the acceptance, from a debtor who is insolvent or in embarrassed circumstances, of a part payment in full satisfaction of a liquidated debt, is founded on such a consideration that the entire debt is thereby satisfied, provided there has been no fraud or unfair concealment on the part of the debtor. 1 Corpus Juris, 381; Melroy v. Kemmerer, 218 Pa. 381, 67 A. 699, 11 L. R. A., N. S., 1018, 120 Am. St. Rep. 888, and note thereto. But we are not disposed to depart from the rule so long followed in this state."

It is said in an annotation in 108 A. L. R. p. 657, that it has been generally held that a debtor's waiver of, or his forbearance from exercising, his right to resort to bankruptcy affords sufficient consideration for an agreement to release or discharge his debt or liability in full when given in connection with his payment of a part of the debt. Cases from several jurisdictions are cited in support of that proposition. See also 1 Am. Jur., Section 246, p. 241; 1 C. J. S., Accord and Satisfaction, Section 30, p. 509. While it would seem that the Call case is not in harmony with the more recent decisions from other jurisdictions to the effect that the debt was canceled where the debtor was known to be insolvent at the time a lesser amount was accepted in satisfaction of a debt, it is unnecessary for us to reconsider its holding at this time, for in the case at bar we have the consideration on the part of the debtor that he would forbear going into

bankruptcy upon the acceptance by the creditor of a lesser amount than his debt in its full satisfaction. That fact distinguishes this case from the Call case and our numerous cases on the general proposition of the acceptance of a lesser amount in satisfaction of a debt, and therefore we are of the opinion that there was full satisfaction of Patrick Risner's claim against the appellee.

It is unnecessary that we pass upon the question as to whether the exceptions to certain of the depositions for the appellee were or were not well taken, in view of the fact that they were not passed upon before judgment. Section 589 of the Civil Code of Practice provides that errors of the trial court in its decisions upon exceptions to depositions are waived unless excepted to. Here it does not appear that the court passed upon the exceptions to the depositions, so the appellants are in the position of having permitted final judgment to be entered without obtaining a ruling on their exceptions as they should have done. Potter v. Mullins, 267 Ky. 822, 103 S. W. (2d) 274; Black v. Noel's Adm'x, 240 Ky. 209, 41 S. W. (2d) 1100; Wise v. Goldsmith's Adm'r, 239 Ky. 819, 40 S. W. (2d) 345.

The last contention is that it was not shown that Mrs. Risner had authority to settle for less than the full amount of the judgments. The appellee alleged that he had settled the judgments in full and filed as an exhibit the aforementioned receipt. The allegations of the petition as amended were denied, but there was no specific charge that Mrs. Risner was not the agent for her husband, or that she had no authority to accept an amount smaller than the full amount of the judgments. Mrs. Risner admitted that she signed the receipt and accepted the money. Her testimony, as well as that of others, would indicate that Wilson was the moving spirit in bringing about this settlement, and he witnessed Mrs. Risner's signature as attorney for her husband. It strikes us that the execution of the receipt was in reality a ratification of the settlement which had been worked out by Wilson. As we have indicated, there was no proof introduced by Patrick Risner, so, as the record stands, we have an allegation as to the settlement, the filing of the receipt signed by Mrs. Risner as authorized agent for her husband, and her statement that she so signed it. Mrs. Risner's authority to sign the receipt and accept $150 in satisfaction of the judgment seems not to have

been questioned in the lower court, but, aside from the point that the question is being raised here for the first time, we find nothing in the record to justify the statement that she had no such authority. We deem it unnecessary, therefore, to enter upon a discussion of the authorities dealing with the authority of an agent to compromise a debt.

It follows from what has been said that it is our view that the judgment should be and it is affirmed.