## McCreary County et al. v. Bybee.

March 15, 1946.

James A. Inman for appellants.

Leonard S. Stephens for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES— Reversing.

In August, 1941, A. L. Bybee obtained a judgment against McCreary county for $2,030.40, with interest from October 3, 1934, and $1,140.35, with interest from November 23, 1939. The judgment recited that the county was endeavoring to fund its floating indebtedness, including the indebtedness to Bybee, and to have the proposed funding bonds declared valid in order that the claims against the county might be paid out of the proceeds of the sale of the bonds. The court refused to specify the manner of collecting the indebtedness, but continued the cause until the next term "for further and any orders deemed by the court necessary." At the December, 1941, term a second judgment was entered which contained the following:

"It is therefore ordered and adjudged by the court that the defendant, McCreary County, Kentucky, by its authorized agents shall pay to the plaintiff, A. L. Bybee, any part of the amounts of the judgment entered herein, out of any moneys on hand not otherwise appropriated, and the remainder shall be paid as follows:

"One-half shall be incorporated in the budget by the McCreary County Budget Commission in its set-up of moneys to be paid out during the fiscal year beginning July 1, 1942, and the Fiscal Court of the County shall allow said sum out of moneys disbursed by them during the said fiscal year 1942-1943; and the remainder of the judgment, including interest and costs shall be incorporated by the McCreary County Budget Commission in its set-up of moneys to be paid out during the fiscal

year beginning July 1, 1943, and the Fiscal Court of the County shall allow and pay same out of moneys disbursed during the fiscal year 1943-1944.

"Nothing herein shall prevent the defendant County from paying any part, or all of said judgment, interest and costs out of any money they may derive from any source which they can apply to the payment of the said judgment."

In 1939 the county contracted with Charles J. Hinch & Company and W. C. Thornburgh Company, Inc., of Cincinnati, Ohio, to act as funding agents to sell the county's bonds to pay off its floating indebtedness, which amounted to approximately $48,000. The floating indebtedness consisted of interest bearing warrants, noninterest bearing warrants, claims, and judgments. There were numerous claimants, and much litigation was necessary in order to validate the claims before the bonds were issued. The funding bonds were not issued until 1944, but they were dated October 1, 1940, and bore interest at the rate of 4½ per cent. thereafter. On October 1, 1940, A. L. Bybee's claim and the interest thereon amounted to $3,957. On October 9, 1943, he received from the county, through its funding agents, the sum of $3,957, and the following assignment was made on the margin of the judgment book where his judgment was recorded:

"For a good and valuable consideration, A. L. Bybee, the Judgment creditor, herein named, has sold, assigned and transferred all of his right, title and interest in said judgment and all accrued interest on same to October 1, 1940, to Charles A. Hinch and Company and The W. C. Thornburgh Company Inc., of Cincinnati, Ohio.

"A. L. Bybee             G. W. Stephens
                         Attorney for plaintiff

"Attest: Elsie Ramsey Caylor, Clerk.
          Oct. 9, 1943."

On August 30, 1945, Bybee filed in the McCreary circuit court a motion to redocket the case in which he had obtained the judgment, and asked that the county be required to pay him the interest on his judgment debt from October 1, 1940, to October 9, 1943. It was his claim that he had assigned to the funding agents only

the principal amount of the debt, later reduced to judgment, and the interest thereon to October 1, 1940, and that the county owed him the interest from October 1, 1940, to the date of the assignment, which amounted to $570.72. The county filed a response to the motion in which it set forth at length the history of the negotiations and litigation with Bybee and the other creditors of the county, and asserted that all of the claims were settled as of October 1, 1940, though payments were not made until later, in many instances, when the funding bonds were sold. The substance of the response was that it was necessary to fix a definite date for the determination of the amount of the county's liability in order that the exact amount of the bond issue might be ascertained. It was stated that all of the creditors, including Bybee, agreed to this, and that it was understood that the amounts agreed upon and paid in each instance should constitute the final payment due the creditor. The affidavits of the county judge and the auditor of McCreary county were filed in support of the response to Bybee's motion. Bybee did not controvert the statements in the response, and filed no counter affidavits. Apparently the case was submitted on the motion, the response, and the affidavits. The court adjudged that the county was indebted to Bybee in the sum of $570.72, with interest thereon at the rate of 6 per cent. from September 15, 1945, the date of the judgment.

It is apparent from the record that the appellee, Bybee, and the other creditors of the county settled their claims as of October 1, 1940. They understood that it was necessary to settle the tangled financial affairs of the county before its floating debt could be transmuted into long term bonds, and that much time would be required. Appellee contends, however, that his judgment was a liquidated demand, and that the acceptance of less than the full amount, with interest, on October 9, 1943, when the payment was made, did not amount to a good accord and satisfaction. The general rule is that where a debt is liquidated and undisputed, the payment of a sum less than the amount of the debt, even though accompanied with a statement that it is in full, does not operate to defeat the creditor from collecting the balance of his debt for the reason that there is no consideration for the surrender of the unpaid

portion. Shawnee Sanitary Milk Company v. Fulkerson's G. & M. Shop, 258 Ky. 639, 79 S. W. 2d 229; Lewis v. Browning, 223 Ky. 771, 4 S. W. 2d 734. In the present case the mutual agreements of the creditors of the county to accept a settlement of their claims as of a specific date constituted a good consideration. Furthermore prepayment is a valid consideration, and appellee was paid before the final payment under the judgment was due or could have been enforced. It may be inferred from the record that he abandoned his remedies under the judgment and elected to accept payment out of the proceeds of the bond issue, but, even so, he was paid long before the bonds were sold. Flenor v. Flenor, 99 S. W. 258, 30 Ky. Law Rep. 543; Fenwick v. Phillips, 60 Ky. 87, 3 Metc. 87; Fire Insurance Association v. Wickham, 141 U. S. 564, 12 S. Ct. 84, 35 L. Ed. 860, Annotation in 24 A. L. R. 1474.

The court erred in adjudging that the county was indebted to appellee in any amount, and the judgment is reversed, with directions to enter a judgment in conformity herewith.