■ LIBERTY MUTUAL INSURANCE COMPANY, Appellant, v EDWARD W. ABBOTT, JR., Respondent. — Appeal from an order of the Supreme Court at Special Term (Cholakis, J.), entered November 23, 1983 in Rensselaer County, which denied plaintiff's motion for summary judgment and granted defendant's cross motion for leave to serve an amended answer.

In August, 1979, defendant was employed by plaintiff and was to be transferred from South Bend, Indiana, to Dallas, Texas. To enable defendant to meet increased housing expenses due to the transfer, plaintiff loaned defendant $7,500 and defendant agreed, "If my employment by [plaintiff] is terminated for any reason, the loan becomes due and the outstanding balance payable in full." In about August, 1980, defendant terminated his employment with plaintiff after plaintiff failed to honor its alleged oral promise to transfer defendant to Tyler, Texas, within 12 months of his transfer to Dallas. Thereafter, plaintiff commenced this action to recover the balance of the loan. Defendant answered and asserted as an affirmative defense that service upon him was defective. Plaintiff then served defendant personally and moved (1) to dismiss the affirmative defense alleging defective service and (2) for summary judgment. Defendant opposed the motion for summary judgment and cross-moved to amend his answer to assert the alleged oral agreement as an affirmative defense and counterclaim. Special Term denied plaintiff's motion and granted defendant's cross motion. This appeal followed.[*]

---

[*] Although it appears that all events involved herein occurred outside of New York State, the parties have not raised a conflict of laws issue or pleaded another State's law. Accordingly, New York law is applied.

Initially, defendant does not respond to plaintiff's argument that the personal service cured any defect in the earlier service of process and it thus appears that defendant has consented to jurisdiction. Accordingly, the affirmative defense alleging defective service should be dismissed as plaintiff sought on its motion.

Next, we cannot agree with Special Term's denial of plaintiff's motion for summary judgment. Defendant clearly and unambiguously agreed to pay the balance of the loan should his employment by plaintiff be terminated for any reason, but he has undeniably failed to pay the balance despite his termination.

Thus, defendant has breached his loan agreement with plaintiff. Defendant cannot excuse this breach by asserting the alleged oral agreement as an affirmative defense. The alleged oral agreement would effectively impose a condition upon the repayment of the loan balance, i.e., the loan would be payable upon termination of employment for any reason only if defendant was transferred to Tyler, Texas, within one year of his transfer to Dallas. Such a condition is so closely connected to the subject matter of the written agreement that it would normally be expected to be included in the written agreement and its absence indicates that it was not intended to be included as part of the parties' agreement (see, e.g., *Braten v Bankers Trust Co.,* 60 NY2d 155, 162). Thus, the written agreement was complete (*id.*) and the alleged oral agreement, acting as a condition, would vary the terms of defendant's clear and unambiguous promise to repay the balance upon termination for any reason and could not be enforced (*id.*). Under these circumstances, Special Term erred in denying plaintiff's motion for summary judgment and granting defendant's cross motion insofar as it sought to amend its answer to assert an affirmative defense.

We are of the view, though, that the alleged oral agreement could be asserted by way of counterclaim. Framed in this manner, said agreement would not vary the terms of a complete writing, but would stand or fall on its own merits. Defendant's moving papers allege sufficient factors which, if accepted as true, would entitle him to recover (see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3025:11, p 481). The alleged oral agreement would not be barred by the Statute of Frauds because it was possible that defendant could have been transferred to Tyler within one year from the making of the alleged oral agreement and, thus, said agreement was not one which "[b]y its terms [was] not to be performed within one

year from [its] making" (General Obligations Law, § 5-701, subd a, par 1; see *D & N Boening v Kirsch Beverages,* 63 NY2d 449; 56 NY Jur, Statute of Frauds, §§ 14-15, 20, pp 33-36, 44-46). Furthermore, plaintiff's conclusory assertion that it is "evident" that it would be prejudiced by the amendment is insufficient to defeat defendant's motion to amend (see, e.g., *Doell v County of Monroe,* 86 AD2d 751, 752). Finally, the existence of this counterclaim does not preclude summary judgment in favor of plaintiff on its cause of action because the counterclaim, though related to, is separable from plaintiff's claim (see 4 Weinstein-Korn-Miller, NY Civ Prac, par 3212.17; Siegel, NY Prac, § 285, pp 341-342). Under these circumstances, we conclude that Special Term properly permitted defendant to amend his answer to assert a counterclaim for breach of the alleged oral agreement.

Order modified, on the law, without costs, by reversing so much thereof as denied plaintiff's motion and granted defendant's cross motion to amend his answer to assert an affirmative defense; a severance is directed as to defendant's counterclaim and plaintiff is granted summary judgment on its cause of action; and, as so modified, affirmed. Mahoney, P. J., Kane, Main, Casey and Levine, JJ., concur.