The KENTUCKY LOTTERY
CORPORATION,
Appellant,

v.

Dean CASEY, Appellee.

No. 92–SC–949–DG.

Supreme Court of Kentucky.

Sept. 30, 1993.

Eric L. Ison, Thomas M. Williams, Greenbaum Doll & McDonald, Louisville, for appellant.

Thomas M. Denbow, O'Bryan and Denbow, Louisville, for appellee.

LAMBERT, Justice.

This Court granted discretionary review of an opinion of the Court of Appeals which reversed the trial court's summary judgment in favor of appellant, the Kentucky Lottery Corporation. The issues which appear to be controlling are whether Regulation 12(g)(3) of the Kentucky Lottery Corporation Rules and Regulations, "Lotto Kentucky," revised July 2, 1990, required the prize to which appellee was entitled to be paid in one cash payment; and whether appellant was discharged under KRS 154A.110(4) when it paid appellee as his prize a sum significantly less than his fractional share of the grand prize amount.

Appellee was one of three winners of the February 24, 1990, two-million-dollar Lotto Kentucky game. On presentation of his winning ticket, appellant issued to appellee a computer-generated "cash authorization" which said "pay $666,666.00." Upon his demand for payment of this sum in cash, appellee was informed that his only options were to accept payment of the amount due in twenty equal annual installments or accept the present value of the payments, $344,000

less applicable taxes. While the method of payment was unsettled, it was undisputed that appellant was entitled to a one-third share of the two-million-dollar grand prize.

In due course, appellant mailed appellee a check in the amount of $261,440, which represented the present value of one-third of the grand prize less applicable taxes. Appellee negotiated the check and later brought this action for recovery of the additional sum of $322,666 plus interest, this being the difference, without regard to taxes, between the value of the prize and the amount paid in cash.

On motion for summary judgment, the trial court ruled for appellant. Relying entirely on KRS 154A.110(4) and authority from another jurisdiction, *Craft v. Capital District Regional Off Track Betting Corp.,* 484 N.Y.S.2d 368, 107 A.D.2d 952 (1985), the trial court held that by accepting the check, appellee lost his right to sue and appellant was discharged of liability. See *Craft,* 484 N.Y.S. at 370. On appeal, the Court of Appeals reversed. A divided panel of that court held for appellee on each of the issues identified hereinabove. The court refused to apply the statute literally contending that to do so would defeat legislative intent and result in an absurdity. The Court of Appeals properly distinguished *Craft, supra,* on the basis that that plaintiff had received the correct prize amount and upon acceptance of the full prize was barred from maintaining an action to recover an additional sum, a fact it contended was not present in this case. As to Lottery Corporation Regulation 12(g)(3), the court found no authority for reduction of appellee's prize to present value.

In this Court, appellant relies on Lottery Corporation Regulations 12(g)(1)–(3) (1990), which are as follows:

"(g) Standard Game Tickets winning the Grand Prize shall be paid as follows:

(1) In the event of a single winner, the Grand Prize shall be paid in twenty (20) installments. The initial payment shall be paid in cash. The subsequent nineteen (19) annual payments shall be paid by monies generated by the purchase of U.S. government securities;

(2) In the event of multiple Grand Prize winners, if the cash value of each share of the Winnings Pool allocated to the Grand Prize category is equal to or greater than the amount required to purchase U.S. securities valued at $1,000,000 or greater, each winner shall be paid in accordance with (1) above;

(3) In the event of multiple Grand Prize winners, if the cash value of each share of the Winnings Pool allocated to the Grand Prize category is less than the amount required to purchase U.S. securities valued at $1,000,000, each winner shall be paid in one cash payment."

Conceding that Regulation 12(g)(3) applies to appellee and that it contains no express authority for reduction of appellee's share of the winnings pool to present value, appellant nevertheless contends that when the foregoing sections are read in harmony, its right to reduce the prize to present value is implied, for to do otherwise could result in a greater sum to 12(g)(3) winners than to winners under sections 12(g)(1) and 12(g)(2).

While appellant's argument is not unappealing, it requires construction of the rule in favor of the party who drafted it, a significant departure from customary practice. Lottery regulations in other states have not neglected to expressly provide for reduction to present value or provide a formula by which such reduction must be computed. See Ill.Admin.Code tit. 11, § 1770.190 (1989); Ohio Admin.Code § 3770:1–8 (1992); and N.Y.Comp.Codes R. & Regs. tit. 21, § 2817.2 (1990). Uniformly, contracts of adhesion, best exemplified by insurance contracts but likewise exemplified by state-authorized gambling contracts, are construed against the party who formulated the terms and any doubt resolved in favor of the other party. See *Wolford v. Wolford,* Ky., 662 S.W.2d 835 (1984), and cases cited therein. Adoption of appellant's argument would require this Court to rewrite the regulations and supply a term manifestly omitted. In so doing, we would of necessity abandon settled rules of contract construction. While the logic of appellant's contention may be tempting, the language it selected cannot be found to sustain it. As such, we must conclude that appellee, unless precluded by KRS 154A.110(4), was entitled to the full value of his winning ticket in a single cash payment.

Despite our conclusion with respect to the proper construction of the regulations, there remains for determination another difficult issue. Appellant contends that KRS 154A.110(4) precludes appellee's claim for the additional sum due by virtue of his having accepted payment of the sum initially determined by appellant. The statute in question is as follows:

"The [Lottery] corporation is discharged of all liability upon payment of a prize."

If the foregoing statute were read literally, payment of any prize, however great or small and in whatever form, would result in termination of appellant's liability. Such a construction would lead not only to absurdity of result, but also to unconscionability. Accordingly, we will refrain from that construction. *George v. Alcoholic Beverage Control Board,* Ky., 421 S.W.2d 569 (1967).

■ In our view, it is appropriate to construe the statute in the context of common law contract principles and attempt to achieve harmony unless a contrary result is required by legislative intent. The applicable contract doctrine is accord and satisfaction. Kentucky law is unmistakable that one may not discharge a liquidated debt by payment of a sum less than that which is due unless such payment is accompanied by new or additional consideration. Such consideration has been found, *inter alia,* in prepayment of the debt (*McCreary v. Bybee,* 301 Ky. 794, 193 S.W.2d 423 (1946)), and forbearance from seeking discharge in bankruptcy (*Risner v. Risner,* 292 Ky. 583, 167 S.W.2d 315 (1943)). However, without some such consideration, our rule is well stated in *Shawnee Sanitary Milk Co. v. Fulkerson's Garage & Machine Shop,* 258 Ky. 639, 79 S.W.2d 229, 230 (1935):

"(1) The general rule is that, if the claim is unliquidated and disputed, the acceptance by the creditor of a check bearing the notation, 'Account in full,' or employing words of similar import, shows an acquiescence in the amount offered and constitutes an accord and satisfaction of this claim.

"(2) On the other hand, it is the general rule that part payment of a liquidated and undisputed indebtedness, though accepted by the creditor with knowledge that it was intended to be in full payment, is not an accord and satisfaction, since the part payment is not a consideration for the discharge of the balance." (Citations omitted.)

■ It is undisputed that appellee won $666,666 which should have been paid in cash, but by virtue of appellant's erroneous application of its regulations, appellee was paid only $344,000 less applicable taxes. Without statutory intervention, for the doctrine of accord and satisfaction to result in a bar to appellant's claim for the additional sum due, new or additional consideration would have been required. There was none. Superficially, however, the statute would appear to dispense with the additional consideration requirement in favor of a construction whereby the obligation would be discharged by whatever payment was made. Appellant has conceded that appellee could have preserved his right to litigate entitlement to his winnings in one cash payment by simply refraining from negotiating the check.

If appellee's underlying entitlement to a prize or the amount of the prize was in dispute, this argument would have merit, but there was no dispute as to his status as one of three winners of two million dollars. As such, the amount due was liquidated and undisputed. Only the method of payment was not agreed upon. Thus, accord and satisfaction works no bar.

■ Despite appellee's demand for full cash payment and its refusal to pay more than $344,000, appellant contends that receipt of this sum invoked the statute to his prejudice. The breadth of the statute leaves us in doubt as to what the General Assembly may have intended, but it did not intend to preclude correction of mistakes or facilitate economic coercion by requiring a lottery winner to forego or postpone an acknowledged entitlement to contest construction of a lottery regulation. To so construe the statute would virtually insulate the Lottery Corporation from judicial review of its prize determinations. We are confident the General Assembly did not authorize the Lottery Corporation to wholly discharge its debt to a prize winner by part payment.

Throughout the rules and regulations of the Kentucky Lottery Corporation which

have been reviewed in this Court, one repeatedly encounters virtual autocratic authority in the Lottery Corporation president. While we recognize the desirability of rules designed to prevent frivolous litigation, and recognize that the interpretation by an administrative body of its own regulations is entitled to considerable weight, the Court of Justice of the Commonwealth of Kentucky will not abdicate its responsibility to provide citizens a forum to contest the actions of the Lottery Corporation and blindly defer to the decision of the Lottery Corporation president. In the instant case, appellee brought a justiciable claim to the Court of Justice for resolution and, notwithstanding the provisions of regulation 16 of the prevailing rules and regulations, was entitled to be heard and have his claim determined in a court of law.

For the foregoing reasons, we affirm the Court of Appeals. For the sole purpose of computing withholding taxes, interest and costs, this cause is remanded to the Jefferson Circuit Court.

STEPHENS, C.J., LEIBSON, SPAIN and WINTERSHEIMER, JJ., and Special Justice KATHRYN BURKE, concur.

REYNOLDS, J., concurs in result only.