**Brenda J. BROWN, Appellant,**

v.

**KENTUCKY LOTTERY CORPORATION,**
Appellee.

No. 93–CA–000064–MR.

Court of Appeals of Kentucky.

Jan. 20, 1995.

Thomas M. Denbow, Louisville, Ronald E. Hines, Elizabeth, for appellant.

Eric L. Ison, Thomas M. Williams, Louisville, for appellee.

Before EMBERTON, HUDDLESTON and McDONALD, JJ.

EMBERTON, Judge.

The appellant, Brenda Brown, held one of two winning tickets for the "Lotto Kentucky" lottery drawing held on December 15, 1990. The grand prize was for one million dollars. She filed the present action against the Lottery Corporation alleging that although she was owed $500,000 in one lump sum payment, she received only the present value of $500,000 (paid over 20 years), which was $260,078. The appellee, Kentucky Lottery Corporation, maintains that Ms. Brown effectively waived entitlement to the full amount of her portion of the prize because of two releases signed by her.

The procedural question presented is whether Brown's failure to timely respond to the request for admissions is fatal to her claim.

 The Lottery served its first request for admissions and interrogatories and request for production of documents on September 14, 1992. Brown neither replied, nor requested an extension. On October 6, 1992, the Lottery moved for summary judgment based on the two releases signed by Brown; on the affidavit of the Lottery's counsel; and on the admissions of Brown resulting from her failure to respond to the outstanding request for admissions. Based on these documents and occurrences, these facts were established:

1. On December 17, 1990, Brown appeared at the Lottery's corporate offices and signed the Release discharging the Lottery upon payment of Brown's stated prize to her.

2. When Brown signed the Release she did not protest signing, or otherwise express any unwillingness to sign, the Release.

3. On December 21, 1990 at the Lottery's headquarters, the Lottery delivered to Brown and Brown accepted a check in the amount of $197,659.28 in payment of Brown's share of the Lotto Kentucky Grand Prize of December 15, 1990.

4. Brown signed the Acceptance and Release at the time she received the Lottery's check in the amount of $197,659.28. The Acceptance and Release clearly stated that Brown received the present value of five hundred thousand dollars ($500,000) paid over twenty (20) years less applicable taxes.

5. Brown accepted the check and did not protest signing, or otherwise express any unwillingness to sign, the Acceptance and Release.

6. Brown consulted with an attorney regarding her prize between the time she signed the Release and the time she signed the Acceptance and Release.

A party served with a request for admissions to which it fails to respond admits the allegations asserted. *Commonwealth of Ky., Dept. of Highways v. Compton*, Ky., 387 S.W.2d 314 (1964). Although the admitted allegations may sometimes be outcome determinative, such a result does not preclude the non-responding party from prevailing. The penalty for failure to respond is that the matters are deemed admitted, not entry of judgment against the non-responding party. Therefore, we must look at the applicable law, as applied to the facts, to determine whether summary judgment was appropriate.

In the recent case of *Kentucky Lottery Corporation v. Casey*, Ky., 862 S.W.2d 888 (1993), the Supreme Court addressed the issue of whether the Lottery could reduce the prize of one of three winners of a two million dollar lottery prize to its present value. The court found most persuasive the Lottery's own regulation which provides in pertinent part:

In the event of multiple Grand Prize winners, if the cash value of each share of the Winnings Pool allocated to the Grand Prize category is less than the amount required to purchase U.S. securities valued at $1,000,000, each winner shall be paid in one cash payment.

In rejecting the Lottery's contention that Regulation 12(g)(3) is susceptible to more than one interpretation, the court found that the language is clear and requires that the full value of the ticket be paid in one installment.

It is admitted that Regulation 12(g)(3) is applicable to the present controversy. The Lottery Corporation contends, however, that

this case is factually distinguishable from *Casey, supra,* on the basis of the two releases signed by Brown. If the releases are valid, Brown agreed to take the lesser sum in payment of the prize owed her and agreed to release the Lottery from future liability.

We have the same difficulty with this argument as did the court in *Casey, supra,* when the Lottery maintained that Casey's negotiation of the check payable in the reduced amount precluded his claim for the additional sum. Rejecting the notion that Ky.Rev.Stat. (KRS) 154A.110(4), (which states that the Lottery Corporation is discharged of all liability upon payment of a prize) should be read literally, the court applied the contract doctrine of accord and satisfaction.

... The applicable contract doctrine is accord and satisfaction. Kentucky law is unmistakable that one may not discharge a liquidated debt by payment of a sum less than that which is due unless such payment is accompanied by new or additional consideration. Such consideration has been found, *inter alia,* in prepayment of the debt (*McCreary v. Bybee,* 301 Ky. 794, 193 S.W.2d 423 (1946)), and forbearance from seeking discharge in bankruptcy (*Risner v. Risner,* 292 Ky. 583, 167 S.W.2d 315 (1943)). However, without some such consideration, our rule is well stated in *Shawnee Sanitary Milk Co. v. Fulkerson's Garage & Machine Shop,* 258 Ky. 639, 79 S.W.2d 229, 230 (1935):

"(1) The general rule is that, if the claim is unliquidated and disputed, the acceptance by the creditor of a check bearing the notation, 'Account in full,' or employing words of similar import, shows an acquiescence in the amount offered and constitutes an accord and satisfaction of this claim."

"(2) On the other hand, it is the general rule that part payment of a liquidated and undisputed indebtedness, though accepted by the creditor with knowledge that it was intended to be in full payment, is not an accord and satisfaction, since the part payment is not a consideration for the dis-

charge of the balance." (Citations omitted).

*Id.* at 890.

 Except for the terminology, we see no difference between the legal effect given to the act of cashing the check in *Casey, supra,* and the releases signed in this case. It is well established that a release must be supported by valuable consideration. *Cuppy v. General Accident Fire and Life Assurance Corp.,* Ky., 378 S.W.2d 629 (1964). There is no dispute that Brown, by virtue of her winning ticket, won $500,000. *Casey, supra,* at 890. If there had been some reasonable basis for a dispute, the releases would have been supported by adequate consideration. The Lottery Corporation, however, merely decided to avoid its advertised legal obligation to the holder of the winning ticket and the undoubtedly grateful winner signed the releases.

The Lottery Corporation advertises and incites the citizens of this Commonwealth to purchase lottery tickets on the representations of the amounts of the prizes. Although not argued, it approaches the unconscionable for the Lottery to advertise a prize and then pay only a portion when the winner attempts to collect. This is particularly so when the regulations governing the lottery specifically provide for a full lump-sum cash payment.

We have considered the record and all arguments advanced by both parties. Accordingly, there being no issues of material fact, and after review of the applicable law, this case is reversed and remanded for entry of a summary judgment in favor of the appellant, Brenda J. Brown.

All concur.