RENDERED: SEPTEMBER 25, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2017-CA-0077-MR

JEFF PASLEY                                                          APPELLANT

APPEAL FROM JEFFERSON CIRCUIT COURT
v.        HONORABLE CHARLES L. CUNNINGHAM, JR., JUDGE
ACTION NO. 15-CI-000787

GARY BIGGS                                                           APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  GOODWINE, K. THOMPSON, AND L. THOMPSON, JUDGES.

GOODWINE, JUDGE:  Jeff Pasley ("Pasley") appeals the Jefferson Circuit

Court's order granting summary judgment in favor of Gary Biggs ("Biggs").  After

careful review of the record, finding no error, we affirm.

On February 18, 2015, Biggs filed a complaint against Pasley in the

Jefferson Circuit Court alleging Pasley defaulted on five promissory notes.  Pasley

answered the complaint on May 13, 2015, generally denying Biggs' allegation. On June 14, 2016, the circuit court entered a show cause order as no steps had been taken in the case for more than six months.

Biggs then filed a motion for summary judgment on July 12, 2016, arguing he established his right to recovery on the promissory notes. In support of his argument, Biggs provided the affidavit of his wife, Judith Ann Rosenberg, who handled the accounting for the loans at issue.

Pasley responded, objecting to the motion. He argued Biggs agreed to accept a lesser payment to satisfy his debts, and that Biggs said, "We're even." Pasley asserted Biggs promised the loans were forgiven and then ignored his promise. Pasley further argued Biggs failed to participate in Pasley's Chapter 13 bankruptcy case, so Biggs forfeited his right to pursue the claims in circuit court. Pasley supported his argument with his own affidavit, providing further detail regarding Biggs' alleged forgiveness of the loans.

Biggs replied, arguing Pasley did not deny owing any of the balances due on the promissory notes. Biggs argued any purported release of the debts lacked consideration and was not valid. Biggs argued because Pasley voluntarily dismissed his bankruptcy action, Biggs' failure to file a proof of claim in the case did not bar his claims in this action. Biggs supported his argument with his own affidavit, refuting material statements and allegations in Pasley's affidavit.

The circuit court heard the motion on October 25, 2016, and granted Biggs' motion by order entered November 21, 2016. The judgment merely stated there were no genuine issues of material fact, and provided the amount owed to Biggs for each loan. Pasley moved to alter, amend, or vacate the judgment, asking the circuit court to include findings of fact and conclusions of law, and reasserted that issues of material fact precluded summary judgment. The circuit court denied the motion by order entered December 12, 2016. This appeal followed.

On appeal, Pasley argues issues of material fact exist, which precluded summary judgment. "Appellate review of a summary judgment involves only legal questions and a determination of whether a disputed material issue of fact exists. So we operate under a de novo standard of review with no need to defer to the trial court's decision." *Shelton v. Kentucky Easter Seals Soc., Inc.*, 413 S.W.3d 901, 905 (Ky. 2013) (citations omitted).

Before we address the merits of Pasley's claim, we note that he failed to "place the judgment, opinion, or order under review immediately after the appendix list so that it is most readily available to the court" under CR[1] 76.12(4)(c)(vii). Additionally, Pasley failed to include a statement of preservation under CR 76.12(4)(c)(v) and did not request review for palpable error under CR 61.02. "There are rules and guidelines for filing appellate briefs. Appellants must

---

[1] Kentucky Rules of Civil Procedure.

follow these rules and guidelines, or risk their brief being stricken, and appeal dismissed, by the appellate court." *Koester v. Koester*, 569 S.W.3d 412, 413 (Ky. App. 2019) (citing CR 76.12). An appellant's compliance with CR 76.12 allows us to undergo "meaningful and efficient review by directing the reviewing court to the most important aspects of the appeal[,] [such as] what facts are important and where they can be found in the record[.]" *Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010).

Pasley's failure to comply with this rule hinders our ability to review his arguments. *See id.* at 695-97. "Our options when an appellate advocate fails to abide by the rules are: (1) to ignore the deficiency and proceed with the review; (2) to strike the brief or its offending portions, CR 76.12(8)(a); or (3) to review the issues raised in the brief for manifest injustice only[.]" *Id.* at 696 (citation omitted). Because Pasley's brief fails on the merits, we ignore the deficiency and proceed with the review of his claim.

Furthermore, Pasley's argument is conclusory. Although Pasley "is obviously dissatisfied with the trial court's decision, threadbare recitals of the elements of a legal theory, supported by mere conclusory statements, form an insufficient basis upon which this Court can grant relief." *Jones v. Livesay*, 551 S.W.3d 47, 52 (Ky. App. 2018); *see Prescott v. Commonwealth*, 572 S.W.3d 913, 923 (Ky. App. 2019). Apart from reciting applicable law regarding the standard

for summary judgment, Pasley fails to assert any material issues of fact precluding summary judgment. We will not scour the record to construct Pasley's argument for him.

Ignoring these deficiencies, Pasley's appeal fails on the merits. Biggs argues Pasley failed to prove the alleged release from the promissory notes was valid. "As with any valid contract, however, a release must be supported by valuable consideration." *Waddle v. Galen of Kentucky, Inc.*, 131 S.W.3d 361, 365 (Ky. App. 2004) (citing *Brown v. Kentucky Lottery Corp.*, 891 S.W.2d 90, 92 (Ky. App. 1995)); *see also Grass v. Akins*, 368 S.W.3d 150, 153 (Ky. App. 2012). Pasley argues Biggs told him, "We're even," but Pasley failed to show the purported release was supported by any consideration. As such, the circuit court correctly found there were no genuine issues of material fact.

For the foregoing reasons, we affirm the Jefferson Circuit Court's summary judgment.

ALL CONCUR.

BRIEF FOR APPELLANT:

Jeffrey W. Pasley, *pro se*
Louisville, Kentucky

BRIEF FOR APPELLEE:

Michael R. Gosnell
Louisville, Kentucky