RENDERED:  APRIL 28, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0764-MR

ED WALTON                                                     APPELLANT


                     APPEAL FROM KNOX CIRCUIT COURT
v.                HONORABLE MICHAEL O. CAPERTON, JUDGE
                      ACTION NO. 04-CI-00148


CHARLENE SUE KING, AS THE
ADMINISTRATRIX OF THE ESTATE
OF EARL CARTER; AND KNOX
COUNTY FISCAL COURT                              APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; COMBS AND JONES, JUDGES.

JONES, JUDGE:  Ed Walton appeals from the May 26, 2022 order of the Knox
Circuit Court granting summary judgment in favor of Knox County Fiscal Court
("Knox County") and Charlene King, as the Administratrix of the Estate of Earl
Carter ("King").  For the reasons more fully explained below, we affirm.

# I. FACTUAL AND PROCEDURAL BACKGROUND

This action has been on the circuit court's docket for nineteen years, and this is the second appeal. In an unpublished opinion, a prior panel of this Court summarized the relevant facts as follows:

> A road in Knox County, commonly referred to as J. Goodin Branch Road, is at the heart of this dispute. The road clearly exists. It was originally constructed in the 1970s and originates at U.S. 25 in Knox County. The question is: where does J. Goodin Branch Road end?
>
> In 2000, Knox County paved J. Goodin Branch Road, at least in part, starting at U.S. 25 and ending at a house belonging to Beulah and Bazel Smith, Earl Carter's predecessors in title. The Smiths later sold the land to Carter in 2002 (Carter Tract). Today, there exists a gravel school bus turnaround where the paved road terminates on the Carter Tract. Beyond that point, the record suggests the alleged road is made up of dirt and grass.
>
> Walton owns property adjacent to the Carter Tract (Walton Tract). He does not reside there. In fact, no one has lived on the Walton Tract since 1972. The only means of access to the Walton Tract, according to Walton, is J. Goodin Branch Road.
>
> Walton has long proclaimed, since the early 1990s, in fact, that J. Goodin Branch Road is an official county road that extends through the Carter Tract all the way, and into, the Walton Tract. The Smiths, and later Carter, disagreed; at various times they blocked the road by means of a gate, preventing Walton from accessing his land. Carter claims, and before him the Smiths claimed, that the road terminates at the school bus turnaround point – where the paved portion ends.

Walton filed suit against Carter in 2004, requesting that the circuit court find J. Goodin Branch Road is a county road that passes across the Carter Tract and ends at or on the Walton Tract. Walton amended his complaint several times, adding additional defendants, including Knox County, but his cause of action did not change. The case lingered for several years, culminating in a bench trial on September 21, 2011. At the close of Walton's case-in-chief, the circuit court allegedly issued a verbal order dismissing Walton's claim of a county road. It also entered a written order dismissing Knox County as a party.

Then, for the first time, the issue of whether Walton might be afforded access by way of an easement by necessity arose. The circuit court granted Carter's motion to recess the trial to investigate the claim.

Neither party requested that the trial recommence. Instead, on January 18, 2012, Carter filed a motion for summary judgment on the easement issue. The circuit court granted his motion by order entered July 9, 2012, finding no evidence of either unity of title of the two tracts, or severance of that unity, if it indeed existed.

Walton filed a [Kentucky Rules of Civil Procedure ("CR")] 59.05 motion to alter or amend the judgment, arguing he is entitled to access to his property as a matter of right – not by means of an easement – by way of an official county road, and the circuit court failed to address the county-road issue in its judgment. By order entered August 13, 2012, the circuit court overruled Walton's motion, stating:

> Following the Court's oral rulings at the bench trial, the issue of the easement was the only remaining question to be ruled upon.

> [Walton] contends that because the Court
> did not specifically address the issue of
> whether J. Goodin Branch Road extends to
> his property in the prior order granting
> judgment in favor of the [Estate], that the
> issue was not addressed. However, this
> issue was resolved following the admission
> of evidence at trial in an oral ruling. The
> Court sees no reason to disrupt that prior
> ruling.

*Walton v. Lawson*, No. 2012-CA-001550-MR, 2016 WL 3661939, at *1-2 (Ky. App. Jul. 1, 2016) (footnotes omitted).

This Court affirmed the circuit court's finding that there was no easement of necessity but reversed and remanded for the circuit court to enter "written findings of fact, legal conclusions, and a judgment related to Walton's claim that a county road extends to his land." *Id.* at *4. On remand, the circuit court allowed Walton to file an amended complaint, which brought Knox County back into the lawsuit. Discovery commenced yet again and Walton propounded requests for admissions upon Knox County on September 25, 2017. Knox County filed its responses on December 13, 2017. There is no question the responses were not filed within the thirty (30)-day time limit pursuant to CR 36.01. However, Walton did not file a motion to compel, a motion to quash, or otherwise bring Knox County's untimeliness to the circuit court's attention prior to filing a motion for summary judgment.

In July 2019, King filed a motion for summary judgment. Both Walton and Knox County filed similar motions in the months that followed. It was at that point Walton argued for the first time that Knox County's failure to timely respond resulted in admissions pursuant to CR 36.01 (*i.e.*, approximately two years after the responses were filed). On May 26, 2022, the circuit court granted summary judgment in favor of King and Knox County.[1] This appeal followed.

## II. STANDARD OF REVIEW

"Our standard of review in matters involving a trial court's rulings on evidentiary issues and discovery disputes is abuse of discretion." *Manus, Inc. v. Terry Maxedon Hauling, Inc.*, 191 S.W.3d 4, 8 (Ky. App. 2006).

## III. ANALYSIS

The issue before us on appeal is very narrow: Did the circuit court err by not deeming Knox County to have admitted Walton's requests for admissions by virtue of the fact that Knox County did not submit its responses in a timely manner? Of course, if we answer this question in the affirmative as Walton urges, the implication is Knox County will have admitted the road at issue is a county

---

[1] In granting summary judgment on remand, the circuit court noted that the prior panel of this Court "did not find that there was insufficient evidence in the record for [the circuit court] to make a [summary judgment] ruling."

road that extends and permits access to, Walton's property.[2]  However, we discern no error.

The circuit court found Walton's argument was without merit.  To wit,

> As previously noted herein, Knox County Attorney Gilbert Holland filed an Answer to Plaintiff's Requests for Admissions in December 2017, wherein Knox County's position that the county road at issue does not extend onto Walton's property was reiterated.  This was a reiteration of the county's position throughout the fifteen-year history of this matter, a position which has not changed – as can also be said of [Walton] and the other parties in this matter.
>
> Accordingly, this Court does not find that [Walton's] allegations are "deemed admitted" by [Knox County], and indeed notes that as our Kentucky Supreme Court has previously held, when a County has "otherwise defended" an action, default is improper.  Lexington Fayette Co. Food & Bev. Ass'n v. Lexington Fayette Urban Co. Govt., 131 S.W.3d 745, [756-57] (Ky. 2004).  Accordingly, the Court turns to an analysis of the substantive issue before it.

The record before us shows Knox County has been a party to this action since 2008.[3]  In January 2009, Knox County filed its answers to interrogatories propounded by Walton.  In doing so, it denied any plans to create

---

[2]  "The penalty for failure to respond is that the matters are deemed admitted, not entry of judgment against the non-responding party." *Brown v. Kentucky Lottery Corp.*, 891 S.W.2d 90, 91 (Ky. App. 1995).

[3]  An order was entered on September 18, 2007, granting Walton's motion to add Knox County as a party; however, Walton did not follow through with service on Knox County until 2008.

and maintain a county roadway on the Carter property and denied that it has ever maintained a roadway beyond the gravel school bus turnaround on the Carter property. This has been Knox County's position throughout the underlying litigation. It participated in the 2011 trial, and the directed verdict in its favor was the basis of Walton's first appeal. Upon remand from this Court in 2016, Knox County's position did not change, even though its responses to Walton's requests for admissions were filed outside of the 30-day time limit imposed by CR 36.01.

CR 36.01(2) states, in relevant part, that "[e]ach matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request, *or within such shorter or longer time as the court may allow*[.]" (Emphasis added.) In other words, "the trial court retains wide discretion to permit a party's response to a request for admissions to be filed outside the 30 or 45-day time limit delineated by the rule." *Harris v. Stewart*, 981 S.W.2d 122, 124 (Ky. App. 1998). Although Walton never filed a motion to compel and Knox County never filed a motion asking for more time to file its responses, the circuit court effectively granted Knox County an extension of time and doing so was well within its discretion. Walton essentially argues the 30-day limit is a bright line rule with no flexibility, but such a position is contrary not only to the plain reading of the rule, but also to published caselaw. Moreover, Walton has never argued that the delayed responses resulted in any prejudice to

presentation of his case. *Id.* at 125.[4] Indeed, as the circuit court noted, Knox County has steadfastly maintained that the county road does not extend past the Carter tract throughout this very long litigation. We do not appreciate any prejudice to Walton in the presentation of his case by allowing Knox County to answer the requests out of time. Therefore, we cannot conclude that the circuit court abused its discretion over the discovery process when it refused to deem the requests admitted based on the late responses.[5]

## IV. Conclusion

For the reasons stated herein, the order of the Knox Circuit Court is affirmed.

ALL CONCUR.

---

[4] Interestingly, as King points out in her brief to this Court, Walton failed to respond to her requests for admissions within thirty days pursuant to CR 36.01. If the circuit court followed the rule as stringently as Walton insists is proper, King's requests would be deemed admitted by Walton, and in direct contradiction to what Walton argues was admitted by Knox County. "The rule of law should, in the interest of justice and fairness, cut both ways since 'what is sauce for the goose is sauce for the gander.'" *Borders Self-Storage & Rentals, LLC v. Transportation Cabinet, Department of Highways*, 636 S.W.3d 452, 456 (Ky. 2021).

[5] We appreciate the circuit court's analogy to not granting a default judgment in an action the government "otherwise defended" pursuant to *Lexington Fayette County Food and Beverage Ass'n, supra*. However, the law cited by the circuit court was merely analogous and not on-point. Nevertheless, an appellate court is permitted to "affirm a correct result upon any ground supported by the record." *Wells v. Commonwealth*, 512 S.W.3d 720, 722 (Ky. 2017).

BRIEF FOR APPELLANT:

Matthew J. Baker
Bowling Green, Kentucky

BRIEF FOR APPELLEE KNOX
COUNTY FISCAL COURT:

Jason E. Williams
London, Kentucky

BRIEF FOR APPELLEE
CHARLENE SUE KING:

John M. Gambrel
Pineville, Kentucky