635 F.2d 424
 24 Fair Empl.Prac.Cas. 1370,
25 Empl. Prac. Dec. P 31,555
Eddie B. STROZIER, on behalf of himself and all others
similarly situated, Plaintiffs-Appellants,
v.
GENERAL MOTORS CORPORATION (LAKEWOOD ASSEMBLY PLANT),
Defendant-Appellee.
 No. 79-2624.
 United States Court of Appeals,
Fifth Circuit.
 
 Unit B
 Jan. 27, 1981.
 S. Ralph Martin, Jr., Atlanta, Ga., for plaintiffs-appellants.
 King & Spalding, Marceil Morrell and William A. Clineburg, Jr., Atlanta, Ga., Kidd, Pickens & Tate, Charles H. Kirbo, Atlanta, Ga., for defendant-appellee.
 Douglas S. McDowell, Robert E. Williams, Washington, D. C., for amicus curiae.
 Appeal from the United States District Court for the Northern District of Georgia.
 Before GEWIN, RONEY and HENDERSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 This employee suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e-2000e-17, and 42 U.S.C.A. § 1981, involves three allegedly discriminatory disciplinary actions taken against plaintiff by his employer. The district court granted the employer's motion for summary judgment on the ground that plaintiff settled his claims with respect to two of the disciplinary actions and received through arbitration all the relief he could obtain in a Title VII and section 1981 suit as to the third disciplinary action. We affirm.
 
 
 2
 Since he was hired by defendant General Motors Corp. (GM) in 1963, Strozier has been disciplined by the company at least five times, only three of which are at issue on this appeal: a 30-day disciplinary layoff for refusing to obey supervisory orders in April 1973, a discharge for leaving his position on the assembly line in June 1973, and a discharge for threatening and spitting on a supervisor in October 1976.
 
 
 3
 Each time he was disciplined, Strozier filed a union grievance pursuant to a collective bargaining agreement between GM and the UAW. After this lawsuit was instituted in 1975, the parties settled the 1973 grievances and, based on the settlement, plaintiff was reinstated and received $7,500 in back pay. The 1976 grievance was submitted to binding arbitration under the collective bargaining agreement and was sustained. The umpire ordered Strozier reinstated with full seniority and back pay, which exceeded $35,000.
 
 
 4
 Strozier had filed discrimination charges with the EEOC after the 1973 actions. In a decision not appealed here, the trial court ruled that since he charged continuing discrimination in his 1973 EEOC claims, it was unnecessary to file an additional charge with the EEOC to perfect his right to sue on the 1976 claim. Having received the requisite EEOC response enabling him to sue, Strozier's appeal turns on whether the settlement and the grievance award foreclose the right to further litigate these claims.
 
 
 5
 Settlement of a dispute is inherently different from resolution through arbitration. A settlement is a compromise voluntarily agreed to by the parties. Each party generally accepts something less than that to which he believes he is entitled based on a decision that the compromise is more advantageous to him than the sum of the risks and benefits involved in pursuing the claim. Arbitration, on the other hand, is an "adjudication" of conflicting interests by a neutral third party. In binding arbitration, neither party is free to accept or reject the ruling of the arbitrator. Once the dispute has been submitted to arbitration, the parties must abide by the arbitral decision. In light of these differences, different approaches are required in determining whether resolution of a claim through settlement or through arbitration bars a subsequent suit under Title VII and section 1981. Strozier's 1973 claims were settled and the 1976 discharge was arbitrated, so each must be treated separately.
 
 
 6
 The parties agree that the decision in Alexander v. Gardner-Denver Co., 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974), is controlling with regard to the 1976 claim which was arbitrated. In Gardner-Denver, a black employee alleged his discharge resulted from racial discrimination. He filed a union grievance which was submitted to arbitration, and was denied relief. The employee then brought suit in district court under Title VII. The district court held under an election of remedies theory that the employee was bound by the prior arbitral decision and had no right to sue, and the court of appeals affirmed. The Supreme Court reversed, holding that the plaintiff had not waived his Title VII action by pursuing his grievance to final arbitration under a collective bargaining agreement.
 
 
 7
 Gardner-Denver reveals the following law regarding the effect of an arbitration decision on a Title VII and section 1981 suit. First, contractual rights and remedies are distinct and separate from statutory Title VII and section 1981 rights and remedies. Second, an employee does not waive his right to assert a statutory claim merely by filing and pursuing a union grievance. Third, a denial of an arbitration award is not judicially conclusive of rights under Title VII and section 1981. 415 U.S. at 47-60, 94 S.Ct. at 1019-1025. From footnoted dictum in the Gardner-Denver opinion, we might surmise that even success in arbitration will not necessarily bar assertion of these Title VII claims, but a plaintiff cannot receive duplicative relief. If the employee receives relief through arbitration which is fully equivalent to what he seeks under his statutory cause of action, there is no further relief a court can grant and hence no basis for a Title VII or section 1981 suit. Id. at 51 n.14, 94 S.Ct. at 1021 n.14.
 
 
 8
 Since Strozier successfully arbitrated his 1976 grievance, the only question in this case is whether the relief he obtained in the arbitration award was fully equivalent to that sought in the suit to enforce his statutory rights. We hold that it was. The arbitrator ordered Strozier "reinstated with full seniority and made whole for lost earnings and other benefits." Plaintiff received in excess of $35,000 in back pay, covering the period he was out of work because of the 1976 discharge. We do not read the Gardner-Denver opinion as requiring a court to re-examine the calculations on which the exact amount of back pay is based, so long as the grievant receives what is determined to be full back pay and benefits for the period which is the subject of his Title VII and section 1981 claims.
 
 
 9
 Although Strozier argues he is also entitled to injunctive relief under Title VII and section 1981, the injunctive relief requested by plaintiff in his complaint went to the class allegations regarding GM's progressive disciplinary system and fell out of the case when the class claims were dismissed and not appealed.
 
 
 10
 After suit was filed, plaintiff and defendant negotiated a settlement of the grievances arising out of the 1973 disciplinary actions. Under the terms of the settlement, plaintiff was reinstated and received a $7,500 award of back pay. Plaintiff was represented by counsel at the time and voluntarily accepted the settlement. He returned to work for defendant and testified in his deposition that he knowingly received and accepted defendant's checks for the back pay award.
 
 
 11
 Although a Gardner-Denver footnote discusses voluntary settlements, 415 U.S. at 52 n.15, 94 S.Ct. at 1021 n.15, the settlement issue in this case is suggested by our decision in United States v. Allegheny-Ludlum Industries, Inc., 517 F.2d 826 (5th Cir. 1975), cert. denied, 425 U.S. 944, 96 S.Ct. 1684, 48 L.Ed.2d 187 (1976). Although Title VII and section 1981 claims were expressly mentioned in the consent decree controlling the release in that case, the opinion did not rest on that formalism. There this Court stated that nothing in Gardner-Denver supports the assertion "that an aggrieved employee who freely settles his or her unliquidated demand with the employer or the union may reciprocate by suing the same defendant at a later date on the same cause of action, merely because the employee grows dissatisfied with the payment for which he or she settled." Id. at 858. That proposition is equally applicable to this case and we hold plaintiff's agreement to and acceptance of the settlement forecloses the present lawsuit with respect to the 1973 disciplinary actions, even though statutory claims were not expressly covered. The remedy sought and settled was the precise remedy sought in this lawsuit. Although he pled for a class action injunction, the only individual relief plaintiff sought in the complaint was reinstatement and back pay. The denial of class action certification was not appealed. He settled both aspects of the requested individual relief. Under Allegheny-Ludlum, Strozier cannot now request additional monetary relief merely because he is dissatisfied with the amount he voluntarily agreed to accept in the settlement as compensation for his claims.
 
 
 12
 Although not specifically prayed for in his pleadings, plaintiff does assert one small area of remedy he might be entitled to in his statutory claim, not covered by back pay and reinstatement. He argues he might be entitled to an injunction against prospective use of his past disciplinary record in future disciplinary proceedings under the employer's progressive disciplinary system. In view of the failure to specifically plead for this specialized relief, the speculative argument as to whether such injunctive relief might be needed to restrain future action, and the fact that if plaintiff encounters such a problem his interest can be protected at that time, it is our judgment the district court's action cannot be reversed on that ground alone.
 
 
 13
 AFFIRMED.