Robert E. BOTTINI, Plaintiff-Appellant,

v.

SADORE MANAGEMENT CORP., Defendant-Appellee.

No. 575, Docket 84–7716.

United States Court of Appeals, Second Circuit.

Argued Feb. 11, 1985.

Decided June 12, 1985.

Robert Bottini, submitted pro se.

Arnold S. Kronick, White Plains, N.Y., (Lehrman & Kronick, White Plains, N.Y., of counsel), submitted for defendant-appellee.

Before FEINBERG, Chief Judge, and TIMBERS and CARDAMONE, Circuit Judges.

CARDAMONE, Circuit Judge:

This appeal is from the dismissal of a Title VII claim filed by Robert Bottini, *pro se*, in the United States District Court for the Southern District of New York (Brieant, J.). Appellant filed charges based on claims of employment discrimination against his former employer before state and federal administrative agencies and made a claim of wrongful discharge before an arbitrator. When appellant later filed a Title VII claim in the federal district court, his former employer argued the claim was barred by adverse judgments against him in the prior state litigation that related to his discharge. The district court agreed and dismissed the complaint on the grounds of *res judicata*. We reverse the order of dismissal and remand this case to the district court for a trial *de novo*.

**I**

Appellant began employment in April 1978 as superintendent of a building owned by Sadore Management Corporation (Sadore). He was given a rent-free apartment so long as he remained employed by Sadore. When Sadore attempted in 1982 to discharge Bottini for unsatisfactory work performance, he requested that the dispute be resolved through arbitration, as provided under his union contract. After a hearing, an arbitrator found no just cause for Bottini's discharge and tried to devise a schedule to accommodate Bottini's attending meetings with Jehovah Witnesses during his Sunday morning work period. In 1983 Sadore was still dissatisfied with Bottini's work performance and sent him another discharge notice. Again, the parties went to arbitration. This time the arbitrator found just cause for Bottini's discharge and, in accordance with that finding, ordered Bottini to vacate his apartment in Sadore's building within 30 days. Bottini then brought a proceeding under Article 75 of New York's CPLR in State Supreme

Court challenging the arbitrator's decision. When his petition was denied, appellant took no appeal. Sadore thereupon initiated a holdover proceeding in the City Court of Yonkers, County of Westchester, to evict Bottini from its apartment. This action resulted in a final order and warrant for appellant's eviction.

Just prior to his March 1983 receipt of the second notice of discharge, Bottini had filed a complaint with the Equal Employment Opportunity Commission (EEOC) alleging discrimination against him based on the practice of his religion as a Jehovah's Witness. In compliance with the requirements of Title VII he had also filed a complaint with the New York State Division of Human Rights (SDHR). 42 U.S.C. § 2000e–5(c) (1982). On April 6, 1983 the SDHR found no probable cause to believe that Bottini's discharge had been an act of religious discrimination. Appellant took no administrative appeal from the SDHR's finding. On August 8, 1983 the EEOC issued a similar finding of no probable cause. Bottini then timely commenced the instant action in the Southern District and now appeals the district court's dismissal of his Title VII action.

## II

■ This appeal presents a question of whether under the doctrine of claim preclusion a prior state-court judgment will preclude a subsequent action brought in federal court. The Full Faith and Credit Statute, 28 U.S.C. § 1738 (1982), requires federal courts to give the same preclusive effect to state-court judgments that would be given in the State in which the judgments were rendered. *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 104 S.Ct. 892, 896, 76 L.Ed.2d 56 (1984); *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 466, 102 S.Ct. 1883, 1889, 72 L.Ed.2d 262 (1982); *Murphy v. Gallagher*, 761 F.2d 878, 884 (2d Cir.1985). But in order for the bar of claim preclusion to block access to a federal forum, a party claiming denial of Title VII rights must have been afforded a "full and fair oppor-

tunity" to litigate his or her cause of action in the previous forum. *Allen v. McCurry*, 449 U.S. 90, 95, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980). The doctrine of claim preclusion holds that once a judgment has been rendered by a court of competent jurisdiction, it will be treated thereafter as the full measure of relief between the same parties on the same cause of action. *Reilly v. Reid*, 45 N.Y.2d 24, 29, 407 N.Y.S.2d 645, 379 N.E.2d 172 (1978); Restatement (Second) of Judgments §§ 18, 19, 24 (1982). The court in which the first action was brought must have been willing and able to consider the theory that is advanced in the second action. *Heimbach v. Chu*, 744 F.2d 11, 14 (2d Cir.1984); *Salwen Paper Co., Profit Sharing Retirement Trust v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 72 A.D.2d 385, 391, 424 N.Y.S.2d 918 (2d Dep't 1980). Before examining the previous state litigation that Sadore successfully argued in the district court was a bar to Bottini's federal action, it will be helpful to look at Congress's objectives in Title VII.

■ In enacting Title VII Congress aimed to assure equal opportunity for employment by eliminating those practices that discriminate on the basis of religion, race, color, sex, or national origin, *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 800, 93 S.Ct. 1817, 1823, 36 L.Ed.2d 668 (1973). The Civil Rights Law erected an administrative apparatus for the settlement of disputes through persuasion and conciliation, and established a procedure that requires claims of unlawful employment practices to be first filed with existing state or local agencies having jurisdiction over such charges before a federal charge may be filed. 42 U.S.C. § 2000e–5(b) and (c) (1982). Despite these administrative procedures, final responsibility for enforcement of an employment discrimination claim is lodged in the federal courts. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 44, 94 S.Ct. 1011, 1017, 39 L.Ed.2d 147 (1974). From this it is clear that a complainant under Title VII may pursue a discrimination claim in more than one forum at the same time. *Id.* at 47–48, 94 S.Ct. at

1019–20. As the Supreme Court puts it: "Title VII was designed to supplement, rather than supplant, existing laws and institutions relating to employment discrimination." *Id.* at 48–49, 94 S.Ct. at 1019–20.

■ While private pursuit of relief may be made in more than one administrative forum, a complainant who carries his or her claim to a final judgment in a state court may nonetheless thereafter be denied access to the federal courts on that claim, in the interests of comity and economical judicial administration embodied in 28 U.S.C. § 1738 (1982). *See Kremer*, 456 U.S. at 470, 102 S.Ct. at 1891. Yet, at the same time, Title VII's authorization of a civil action—following a civil rights complaint that is carried no further than consideration by a *state administrative agency*—has been uniformly interpreted to entitle the complainant to a trial *de novo* in federal court. *Id.* at 470 n. 7; *See also Chandler v. Roudebush*, 425 U.S. 840, 844–45, 96 S.Ct. 1949, 1951–52, 48 L.Ed.2d 416 (1976); *Alexander*, 415 U.S. at 38, 94 S.Ct. at 1015. This is so even though the state court would grant preclusive effect to such an administrative determination. *Kremer*, 456 U.S. at 470 n. 7, 102 S.Ct. at 1891 n. 7; *see, e.g., Ryan v. New York Telephone Co.*, 62 N.Y.2d 494, 499, 478 N.Y.S.2d 823, 467 N.E.2d 487 (1984). *See* Note, *Res Judicata Effects of State Agency Decisions in Title VII Actions*, 70 Cornell L.Rev. 695, 696–707 (1985).

■ Here, Bottini filed a claim of employment discrimination with the SDHR. The SDHR after an initial hearing found no probable cause to believe that Bottini had been wronged. Bottini did not pursue—nor was he required to pursue—the SDHR's adverse determination to the finality of a state-court judgment. Thus, because the state administrative agency, and not the state court, has ruled on the discrimination claim, appellant is not precluded from asserting his claim in federal court. *Kremer*, 456 U.S. at 470, 102 S.Ct. at 1891.

## III

Sadore contends that the prior state-court proceedings should bar Bottini from asserting his Title VII claim in federal court. The answer to this contention hinges on whether those state proceedings gave Bottini a full and fair opportunity to litigate his claim. We think they did not. We turn therefore to analyze the three prior adjudications in which Bottini was involved. The analysis includes all of the prior adjudications because the court below did not indicate in its brief decision which one precluded the instant federal-court action.

The prior proceedings were:
(1) An arbitration hearing in March 1983 that upheld Bottini's discharge;
(2) An Article 75 action in New York State Supreme Court to challenge the arbitrator's award; and
(3) A holdover action in the City Court of Yonkers brought by Sadore to evict Bottini from its apartment.

### The Arbitration Proceeding

■ Arbitration lies at the heart of the scheme envisioned by Congress to resolve disputes that arise in the workplace. 29 U.S.C. § 151 *et seq.* (1982); *see United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 581, 80 S.Ct. 1347, 1352, 4 L.Ed.2d 1409 (1960). "[T]he specialized competence of arbitrators pertains primarily to the law of the shop, not the law of the land." *Alexander*, 415 U.S. at 57, 94 S.Ct. at 1024. An arbitration proceeding does not supplant the comprehensive statutory scheme of Title VII that Congress enacted to prohibit various types of discriminatory employment practices, and claim preclusion principles will not bar an employment discrimination suit in federal court, even when the same dispute was the subject of arbitration.

■ In *Alexander*, the Court held that a prior arbitration proceeding would not prevent the institution of an action in federal court, even though plaintiff's charge of employment discrimination was a heavily disputed issue at the arbitration hearing. The Supreme Court noted

that the federal policy favoring arbitration of labor disputes and the federal policy against discriminatory employment practices can best be accommodated by permitting an employee to pursue fully both his remedy under the grievance-arbitration clause of a collective-bargaining agreement and his cause of action under Title VII.

*Alexander*, 415 U.S. at 59–60, 94 S.Ct. at 1025. In addition, the arbitration award in the instant case gives no indication that any evidence was submitted to or considered by the arbitrator on Bottini's religious discrimination claim. The decision simply addressed the increasing tension in the work relationship between appellant and his employer, and concluded that the employer sustained its burden of proof that Bottini was fired for just cause. The facts of this case hardly present a basis for distinguishing *Alexander*. Hence, the arbitration proceeding is not a bar to the present action. *See* B. Schlei & P. Grossman, *Employment Discrimination Law* 1090 (2d ed. 1983).

### The Article 75 Proceeding

Pursuant to Article 75 of New York's CPLR, a motion may be made to vacate or modify an arbitrator's award. Grounds for vacating an award are narrowly circumscribed and include corruption, fraud or misconduct, partiality of an arbitrator, or abuse of discretion. Unless provided otherwise by agreement, an arbitration award will not be vacated for an arbitrator's mistake of law or fact. *Raisler Corp. v. New York City Housing Authority*, 32 N.Y.2d 274, 285, 344 N.Y.S.2d 917, 298 N.E.2d 91 (1973). In reviewing an arbitrator's decision, courts generally must find that the decision was "completely irrational" before they will vacate it. *See Lentine v. Fundaro*, 29 N.Y.2d 382, 386, 328 N.Y.S.2d 418, 278 N.E.2d 633 (1972). "As a matter of public policy the merits of an arbitration are beyond judicial review." *Integrated Sales Inc. v. Maxell Corp. of America*, 94 A.D.2d 221, 224, 463 N.Y.S.2d 809 (1st Dep't 1983). Courts reviewing motions to vacate an arbitration award do not

decide whether it is appropriate or even wise but, rather, decide only whether the arbitrator exceeded his authority to such an extent as to require that the award be vacated. *See States Marine Lines, Inc. v. Crooks*, 13 N.Y.2d 206, 212, 245 N.Y.S.2d 581, 195 N.E.2d 296 (1963).

Under this narrow scope of review, Bottini did not have a full review of the merits of his religious discrimination claim in state court. First, since the Title VII claim was outside the scope of the arbitration proceeding, it was *a fortiori* beyond the scope of the Article 75 proceeding brought to enforce the arbitrator's award. Thus, the prior state-court proceeding and the present federal-court proceeding do not involve the same causes of action. Second, inasmuch as the New York court's review in the Article 75 proceeding was narrowly limited, it lacked the power to entertain the discrimination claim that Bottini now asserts. Therefore, we conclude that the prior Article 75 proceeding in state court does not preclude plaintiff from pursuing his federal claim.

### The Landlord-Tenant Proceeding

The jurisdiction of city courts is set forth in N.Y. Judiciary Law, Uniform City Court Act §§ 201–213 (McKinney 1984). Under the statute, city courts are courts of limited jurisdiction. Jurisdiction includes, for example, recovery of money up to a stated amount or chattels or summary proceedings to recover possession of real property located within the city limits. The Yonkers City Court plainly lacked jurisdiction to hear a Title VII employment discrimination claim. While Sadore argues that the discrimination allegations were adjudicated as part of the holdover proceeding, nothing in that record indicates the parties submitted any evidence on this issue. The City Court's decision focused primarily on the merits of the holdover proceeding. It found merely that Bottini's discharge was lawful, presumably because Bottini had challenged his eviction by claiming that his discharge from employment was unlawful. Inasmuch as the land-

lord-tenant city court had limited jurisdiction, it was not a competent or appropriate tribunal to hear Bottini's allegations of religious discrimination against his employer. Since Bottini did not have a full and fair opportunity to litigate his claim in the Yonkers City Court, its judgment should not bar him from bringing his Title VII claim in federal court. *See Allen,* 449 U.S. at 95, 101 S.Ct. at 415.

Since none of the three state proceedings subjects Bottini's claim to the bar of *res judicata,* the judgment of the district court is reversed and the case remanded for. a trial *de novo* on Bottini's claim of religious discrimination in employment.