**Joann ANDERSON, Plaintiff,**

v.

**Anthony M. FRANK, Postmaster General, United States Postal Service, Defendant.**

**No. 90–CV–70673–DT.**

United States District Court, E.D. Michigan, S.D.

Feb. 5, 1991.

Joann Anderson, Detroit, Mich., in pro. per.

Mary S. Rigdon, Asst. U.S. Atty., Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

ZATKOFF, District Judge.

### I. INTRODUCTION

Plaintiff filed a *pro se* claim under 42 U.S.C. § 2000e–16. Plaintiff alleges that

she was the victim of sex and reprisal discrimination resulting in a loss of two weeks pay. Plaintiff seeks monetary relief.

This matter now comes before the Court on defendant's motion for dismissal or in the alternative for summary judgment. Under the most liberal interpretation of Fed.R.Civ.P. 6(b) and E.D.Mich.Local R. 17(g), plaintiff was required to file a response by November 14, 1990. As of January 15, 1991, plaintiff had not filed a response, nor had plaintiff moved for enlargement of time to do so. Therefore, the Court will review defendant's motion without a response from plaintiff. Because the Court considers materials outside the pleadings, Rule 56 provides the appropriate standard of review.

After reviewing the motion, brief and file in this case, the Court concludes that no genuine issue of material fact exists and that defendant is entitled to judgment as a matter of law. Accordingly, defendant's motion for summary judgment is granted and plaintiff's complaint is dismissed.

## II. STANDARD OF REVIEW

Summary judgment is appropriate where no genuine issue of material fact remains to be decided and the moving party is entitled to judgment as a matter of law. *Blakeman v. Mead Containers*, 779 F.2d 1146 (6th Cir.1985); Fed.R.Civ.P. 56(c). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In applying this standard, the Court must view all materials offered in support of a motion for summary judgment, as well as all pleadings, depositions, answers to interrogatories, and admissions properly on file in the light most favorable to the party opposing the motion.

*Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *United States v. Diebold*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Cook v. Providence Hosp.*, 820 F.2d 176, 179 (6th Cir.1987); *Smith v. Hudson*, 600 F.2d 60 (6th Cir.1979), *cert. dismissed*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979). In deciding a motion for summary judgment, the Court must consider "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52, 106 S.Ct. at 2512. Although summary judgment is disfavored, this motion may be granted when the trial would merely result in delay and unneeded expense. *Poller v. Columbia Broadcasting Systems, Inc.*, 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962); *A.I. Root Co. v. Computer/Dynamics, Ind.*, 806 F.2d 673, 675 (6th Cir.1986). Where the non-moving party has failed to present evidence on an essential element of their case, it has failed to meet its burden and all other factual disputes are irrelevant; thus, summary judgment is appropriate. *Celotex*, 477 U.S. at 322–23, 106 S.Ct. at 2552; *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) ("When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." (Footnote omitted)).

## III. BACKGROUND

The United States Postal Service employed plaintiff Joann Anderson as a mail-handler at the Detroit Air Mail Facility. On March 29, 1989, plaintiff received a Notice of Removal, effective May 5, 1989, for allegedly falsifying an injury report. Plaintiff contested her removal both through the Equal Employment Opportunity Commission ("EEOC") and the grievance and arbitration procedures of the collective bargaining agreement between the Postal Service and the Postal Workers.[1] In both

---

1. The Postal Employees Union in this case is technically referred as the National Post Office

the EEOC and grievance/arbitration procedures, plaintiff sought identical relief—reinstatement and back pay.

At a very late stage in the grievance process, Postal Service and union representatives executed an agreement in settlement of plaintiff's grievance. The settlement provided for plaintiff's reinstatement with back pay for six of the eight weeks during which plaintiff did not work. Plaintiff benefited from the settlement by returning to work and accepting payment for back pay.

Subsequently, the Postal Service issued its final agency decision denying plaintiff's administrative claim of sex and reprisal discrimination. At the same time, the Postal Service issued a Notice of Right-to-Sue Letter that plaintiff utilized to initiate this action on March 26, 1990.

As mentioned above, plaintiff failed to respond to defendant's motion for summary judgment. Thus, plaintiff does not contest any of defendant's factual assertions, nor does plaintiff offer any legal arguments in support of her claim.

### IV. LEGAL ANALYSIS

Defendant argues that the executed settlement agreement bars plaintiff's subsequent action in this Court for alleged sex and reprisal discrimination. Defendant maintains that even though the settlement check compensated plaintiff for only six out of the eight weeks during which she was unemployed, the settlement agreement, nonetheless, bars any subsequent Title VII claim for additional wages and/or compensation. Defendant relies on *Strozier v. General Motors Corp.*, 635 F.2d 424 (5th Cir.1981) in support of its proposition. The Court agrees.

*Strozier* provides guidance with respect to the outcome of this matter. In *Strozier*, the court held that a voluntary settlement of a grievance claim bars any further proceedings in the district court on the same claim if the request for relief in both the grievance procedure and district court proceeding are identical.

The Court is persuaded by the principles articulated in *Strozier*, a case that is factually similar to the instant case. In the instant case, as in *Strozier*, the plaintiff voluntarily accepted the benefits of the settlement agreement by returning to work and cashing the settlement check, and requested identical relief in her grievance and in her district court complaint. Therefore, pursuant to *Strozier*, plaintiff is barred from pursuing any further action on her sex and reprisal claims in this Court.

### V. CONCLUSION

Plaintiff has failed to create any genuine issue of material fact regarding the factual matters relevant to this case. Additionally, the Court finds that defendant is entitled to judgment as a matter of law. Accordingly, the Court GRANTS defendant's motion for summary judgment and DISMISSES plaintiff's complaint.

IT IS SO ORDERED.

---

Mail Handlers, Watchmen, Messengers and Group Leaders Division of the Laborers' International Union of North America.