99 F.3d 1139
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Beverly MORRIS, Plaintiff-Appellant,
v.
ALCAN FOIL PRODUCTS, DIVISION ALCAN ALUMINUM CORPORATION, Defendant.
 No. 95-5673.
 United States Court of Appeals, Sixth Circuit.
 Oct. 23, 1996.
 
 Before: KEITH, BOGGS, and BATCHELDER, Circuit Judges.
 BATCHELDER, Circuit Judge:
 
 
 1
 Plaintiff Beverly Morris ("Morris") appeals summary judgment for the defendant, Alcan Foil Products ("Alcan") on her claims of wrongful discharge, discrimination, and intentional infliction of emotional distress. We AFFIRM the district court's granting of summary judgment.
 
 
 2
 We review a grant of summary judgment de novo and may affirm a grant of summary judgment on grounds other than those used by the district court. Babcock & Wilcox Co. v. Arkwright-Boston Mfg. Mut. Ins. Co., 53 F.3d 762, 767 (6th Cir.1995), cert. denied, 116 S.Ct. 973 (1996). This court uses the same Rule 56(c) standard as does the district court when determining whether summary judgment is appropriate. Tate v. Boeing Helicopters, 55 F.3d 1150, 1153 (6th Cir.1995).
 
 
 3
 Summary judgment will be considered proper if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). When determining whether a genuine issue of material fact exists, the court must afford all reasonable inferences, and construe the evidence in the light most favorable, to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, if the evidence is insufficient reasonably to support a jury verdict for the non-moving party, the motion for summary judgment must be granted. Cox v. Kentucky Dep't of Transp., 53 F.3d 146, 150 (6th Cir.1995). Thus, "[t]he mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson, 477 U.S. at 252.
 
 
 4
 Morris's complaint alleges that Alcan (1) wrongfully discharged her, (2) violated public policy by discriminating against her for pursuing workers' compensation claims, (3) violated KY.REV.STAT. § 342.197 by discriminating against her for pursuing workers' compensation claims, (4) committed the tort of intentional infliction of emotional distress, and (5) violated its duty of good faith and fair dealing. Alcan counters that Morris's first three claims are identical to the claims contained in two grievances properly filed by Morris pursuant to the collective bargaining agreement, that Alcan offered to and did pay Morris seven weeks severance pay in exchange for Morris's written acceptance of the settlement, and that those claims are therefore barred by accord and satisfaction. Alcan further claims that the record contains no evidence from which a jury could find in favor of Morris on her intentional infliction and breach of good faith claims.
 
 Accord and Satisfaction
 
 5
 As a general rule, if a claim is unliquidated and disputed, the acceptance of a check employing words that indicate that the check is considered full payment of the debt, shows acquiescence in the amount offered and constitutes accord and satisfaction. Kentucky Lottery Corp. v. Casey, 862 S.W.2d 888, 890 (Ky.1993) (citing Shawnee Sanitary Milk Co. v. Fulkerson's Garage and Machine Shop, 79 S.W.2d 229, 230 (Ky.1935)).
 
 
 6
 The district court found that Morris's claims that Alcan had violated both public policy and Kentucky law by discriminating against her because she had pursued workers' compensation benefits were identical to the claims raised in her March 25, 1992, grievance. That grievance accused Alcan of "harassment, discrimination, and continuing unfairness on the part of the companies [sic ] Light Duty program." (Emphasis in original). The district court further found that Morris's claim of wrongful discharge was identical to the claim raised in her April 3, 1992, grievance, which demanded that Morris be made whole for "unjust termination." The court held that since Alcan denied any wrongdoing in its handling of Morris's requests for light duty work and her termination, both of the grievances were disputed and unliquidated, and that when Morris accepted seven weeks pay knowing that Alcan considered it a full and complete settlement of her grievances, the parties reached an accord and satisfaction. As a result, the court concluded, Morris cannot bring those same claims in this lawsuit.
 
 
 7
 Morris argues that her settlement of the two grievances did not constitute an accord and satisfaction barring all claims based upon the same facts. Morris contends that (1) the settlement of her two grievances should not bar statutory or common law claims based upon the same facts, (2) she was mistaken about how her settlement of the grievances would affect her ability to pursue remedies outside of the grievance process, and (3) even if the settlement of the two grievances works an accord and satisfaction, it cannot do so as to her claims arising out of her 1990 work-related injury, which was not included in the settlement.
 
 
 8
 Addressing Morris's third argument first, we conclude that it is without merit. The district court found that Morris's March 25, 1992, grievance included all of her claims that the Light Duty program was unfairly administered. Our review of the record persuades us that it contains no evidence to the contrary. Morris presented no evidence in opposition to the summary judgment motion sufficient to raise a genuine issue of fact regarding the extent of the claims included in the grievances that were settled by written agreement.
 
 
 9
 Morris appears to premise her first argument, i.e., that the claims are not barred by accord and satisfaction, on her view that the claims of discriminatory conduct contained in her complaint are not preempted by federal labor law or by ERISA, and therefore, her settlement of those claims through the grievance process does not preclude her from raising them in this action. The district court did not address the preemption issue because it concluded, correctly, that the disputed and unliquidated claims had been conclusively settled and were therefore barred. See Allegheny-Ludlum Indus., Inc., 517 F.2d 826, 859 (5th Cir.1975) (holding that employee who freely settles an unliquidated demand with employer may not sue the same employer at a later date on the same cause of action), cert. denied, 425 U.S. 944 (1976); Anderson v. Frank, 755 F.Supp. 187, 189 (E.D.Mich.1991) (holding that a voluntary settlement of a grievance claim bars any further proceedings in the district court on the same claim if the request for relief in both cases is the same) (citing Strozier v. General Motors Corp., 635 F.2d 424 (5th Cir.1981) (holding that employee's acceptance of settlement with respect to his claims of discrimination barred his lawsuit under civil-rights statutes)). The issue here is not whether the claims are preempted by federal law, but whether they are barred because of the settlement agreement. The claims are clearly barred, and the preemption case law relied upon by Morris is simply inapposite.
 
 
 10
 Morris's second argument, that accord and satisfaction should not apply because she did not understand the legal effect of her settlement, was never raised in the trial court. "As a rule, this court declines to entertain arguments not presented in the first instance in the district court." See Taft Broadcasting Co. v. United States, 929 F.2d 240, 243 (6th Cir.1991) (quoting Meador v. Cabinet for Human Resources, 902 F.2d 474, 477 (6th Cir.1990)). Even if we were to address this issue, we would find it to be without merit. There is no evidence in this record that Morris was not aware that she was settling her two outstanding grievances in return for seven weeks' severance pay.
 
 
 11
 Intentional Infliction of Emotional Distress Breach of Duty
 
 
 12
 of Good Faith and Fair Dealing
 
 
 13
 Morris's two remaining claims, for intentional infliction of emotional distress and for breach of the duty of good faith and fair dealing, are also without merit. As the district court correctly held, Morris has pointed to no evidence whatsoever in the record, and, indeed, our independent review of the record demonstrates beyond any doubt that there is no evidence in the record, to support either of those claims.
 
 
 14
 Accordingly, for the reasons set forth above, and the reasons set forth in the district court's opinion, the judgment of the district court is AFFIRMED.